IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WHEAT, | : | |
| Plaintiff, | | CIVIL ACTION NO. |
| | : | |
| vs. | | 3:18-CV-0097-CDL-CHW |
| | : | |
| DEAN THRASHER, et al., | | |
| Defendants. | : | |

**DEFENDANTS' PRE-ANSWER BRIEF IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STAY**

COME NOW Defendants Thrasher, Harris, Mouton and Day, by and through undersigned counsel and, pursuant to Rule 12 and Rule 41 of the Federal Rules of Civil Procedure, respectfully submit this brief in support of their Pre-Answer Motion to Dismiss by showing the court the following:

**PROCEDURAL HISTORY & FACTUAL ALLEGATIONS**

Plaintiff, a *pro se* inmate incarcerated in the Walton County Jail, filed his Complaint on July 23, 2018, pursuant to 42 U.S.C § 1983, alleging various claims about violation of his constitutional rights. (Doc. 1). As amended and following frivolity review, the claims relate to a use of force incident and subsequent disciplinary proceedings against the plaintiff. See Doc. 6 (listing various claims).

Plaintiff lied to the Court about his prior litigation history. Also, there is no physical injury sufficient to meet the PLRA's requirements. Therefore, Defendants seek dismissal of this action in its entirety.

1

**ARGUMENT AND CITATION OF AUTHORITY**

I.  **PLAINTIFF'S CLAIM MUST BE DISMISSED FOR LYING TO THE COURT ABOUT HIS LAWSUIT HISTORY**

The Eleventh Circuit frequently affirms dismissal where inmate plaintiffs lie in their pleadings, which often takes the form of failing to disclose litigation history. See Harris v. Warden, 498 Fed.Appx. 962, 964-965 (11th Cir.2012) (affirming dismissal where plaintiff "failed to disclose his litigation history in both his original and amended complaints, despite specific descriptions in the form complaint of the kinds of cases that he was required to disclose," and he "disclosed his prior cases only after the FDOC defendants alerted the district court to his relevant litigation history in their motion to dismiss."); Redmon v. Lake County Sheriff's Office, 414 Fed.Appx. 221 (11th Cir.2011) (dismissing under similar fact pattern); Hood v. Tompkins, 197 Fed.Appx. 818 (11th Cir.2006) (similar fact pattern, dismissing, where litigant was caught in lie and finding that "to allow [plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

Here, the court-adopted complaint form used by Plaintiff provides as follows:

> C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?
> ☑ Yes
> ☐ No
>
> D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

Complaint (Doc. 1) at 15.

Plaintiff checked the "previous lawsuit" box "yes." Id. However, the only previous lawsuits that Plaintiff disclosed in his *verified* Complaint are (1) a 2017 lawsuit

2

filed in state court against Sheriff Chapman and others; and (2) a 2017 lawsuit against Sheriff Chapman and others, filed in federal court. Complaint (Doc. 1) at 15-16 (disclosing state court action and federal case 3:17-CV-0070-CDL-CHW).

On the other hand, the **truth** is that before filing his complaint in this case, Plaintiff filed at least **three (3)** other civil actions in federal court against law enforcement officers, all from jail. None of the following were disclosed in Plaintiff's complaint.

| *Wheat v. Knight, et al* | 3:15-cv-0113-CDL (M.D. Georgia) | filed 11/18/2015 , closed 08/10/2018 |
| *Wheat v. Temples, et al* | 3:17-cv-00038-CDL (M.D. Georgia) | filed 3/2/2017, closed 6/27/2017 [1] |
| *Wheat v. Georgia, et al* | 3:16-CV-00135-CDL (M.D. Georgia) | filed 9/30/2016, closed 1/9/2017 |

Plaintiff undoubtedly decided that his chance of getting by the "three strikes" rule was increased by concealing his true litigation history. See 28 U.S.C. §1915(g) (detailing the three strikes rule). It is hard to say how many other lawsuits Plaintiff has filed, or where. Only he knows, and his demonstrated mendacity on this point suggests we will not be told. Plaintiff's deception should not be tolerated, and dismissal is the appropriate sanction.

II.     **THE PLRA BARS PLAINTIFF'S DUE PROCESS CLAIMS FOR LACK OF PHYSICAL INJURY**

Aside from lying to the Court, Plaintiff's due process claims relating to the

---

[1] This case appears to have been consolidated with case 3:15-CV-113.

3

disciplinary proceedings must be dismissed for lack physical injury. 42 U.S.C. § 1997e (e); Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir.2008) (affirming district court's dismissal of prisoner complaint for lack of physical injury, based on 42 U.S.C. 1997e(e)); Napier v. Preslicka, 314 F.3d 528 (11th Cir. 2002) (false arrest claim by prisoner, who was arrested outside confinement and for which charge was dismissed, was barred under 42 U.S.C. 1997e(e)); *see also* Talley v. Johnson, 2008 WL 2223259 (M.D.Ga.2008) (dismissing prisoner's § 1983 claims under 42 U.S.C. § 1997e (e)).

Plaintiff does not allege any physical injury as a result of the disciplinary charges, and his claim is based upon allegedly defective procedure. Therefore, the PLRA bars Plaintiff's due process claim(s) for lack of a "physical injury" sufficient to exceed the threshold established by Congress in 42 U.S.C. § 1997e (e).

### III.   THE COURT SHOULD STAY DISCOVERY

The Federal Rules of Civil Procedure encourage a trial court to act *sua sponte* or on the motion of a party to limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). The Court "must limit the frequency or extent of discovery" when such a determination is made. *Id*. This provision gives trial courts broad discretion to alter the sequence of discovery for the parties' convenience "and in the interests of justice." Fed. R. Civ. P. 26(d); *see also* Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1558–59 (11th Cir. 1985) (decisions to limit discovery under Rule 26 are reviewed for abuse of discretion).

The Eleventh Circuit has instructed that, when a pending motion challenges the

legal sufficiency of a claim, discovery should be stayed until the motion is resolved. *See* Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997); *accord* Shuman, 762 F.2d at 1560 (noting courts' "broad discretion to stay discovery pending a decision on a dispositive motion").

Here, the Court should stay discovery, pending the outcome of Defendants' motion to dismiss. Taylor v. Jackson, No. CV416-318, 2017 WL 71654, at *1 (S.D. Ga. Jan. 6, 2017) (staying discovery pending outcome of motion to dismiss based on PLRA lack of exhaustion). Because the present motion may dispose of the case or significantly narrow its scope, discovery while the motion is pending would likely be inefficient and waste resources.

## CONCLUSION

For the above and foregoing reasons, Defendants respectfully request this Court to dismiss Plaintiff's Complaint in its entirety, and to stay discovery pending the Court's resolution of Defendants' motion to dismiss.

        Williams, Morris & Waymire, LLC

        /s/ Jason Waymire
        Jason C. Waymire
        Georgia Bar No. 742602
        Attorney for Defendants

Bldg. 400, Suite A
4330 South Lee Street
Buford, Georgia 30518
678-541-0790
678-541-0789
jason@wmwlaw.com