IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

CHRISTOPHER WHEAT,                    :
                                      :
                    Plaintiff,        :
                                      :
          v.                          :          Case No. 3:18-cv-97-CDL-CHW
                                      :
OFFICER J. DAY, *et al.*,             :
                                      :          Proceedings Under 42 U.S.C. § 1983
                    Defendants.       :          Before the U.S. Magistrate Judge
                                      :

## REPORT AND RECOMMENDATION

Before the Court are two motions: (1) the Defendants' motion to dismiss (Doc. 16), and (2) Plaintiff's motion for preliminary injunctive relief. (Doc. 23). As discussed below, it is **RECOMMENDED** that the Defendants' motion to dismiss be **GRANTED in part and DENIED in part**, such that Plaintiff be permitted to proceed on his due process claim for nominal damages only. With regard to Plaintiff's motion for a preliminary injunction, it is **RECOMMENDED** that Plaintiff's motion be **DENIED**.

## BACKGROUND

Plaintiff Christopher Wheat is a state pretrial detainee. In this particular Section 1983 action,[1] Plaintiff raises two types of claims, both relating to acts alleged to have occurred at the Walton County Jail. First, Plaintiff sues Defendant Day for using excessive force by discharging a taser into Plaintiff's body without any justification. By Plaintiff's account, Plaintiff was at the time "in my room reading [with my] back facing towards the door." (Doc. 1, p. 9). Second, Plaintiff sues all four Defendants for due process violations associated with ensuing disciplinary

---

[1] Since November 2015, Plaintiff has commenced five other Section 1983 actions in this Court. *See Wheat v. Knight*, 3:15-cv-113; *Wheat v. Georgia*, 3:16-cv-135; *Wheat v. Georgia*, 3:16-cv-154; *Wheat v. Temples*, 3:17-cv-38; *Wheat v. Chapman*, 3:17-cv-70.

proceedings. In particular, Plaintiff alleges that he was found guilty of disciplinary charges that he "was never served notification on." (Doc. 1, p. 7). Plaintiff also alleges that the Defendants wrongfully "tried to coerce" witnesses who wrote statements on Plaintiff's behalf. (*Id.*). As relief, Plaintiff asks for compensatory and punitive damages, "whatever [else] the court deems proper," and for "Officer Day to take anger management classes." (Doc. 1, p. 8).

### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

The record indicates that Plaintiff is now detained in the Rockdale County jail. Although the conduct complained of in this Section 1983 action allegedly occurred at Walton County jail, Plaintiff nevertheless asks the Court to "return Plaintiff back to Walton County Jail." (Doc. 23, p. 2). Plaintiff's request is best construed as a motion for preliminary injunctive relief. For two reasons, it is **RECOMMENDED** that Plaintiff's motion, as construed, be **DENIED**.

First, Plaintiff's stated grounds for seeking a return transfer are not related to the conduct at issue in this Section 1983 action. Plaintiff claims that first at Barrow County jail, and later at Rockdale County jail, he has had "difficulties with legal materials." (Doc. 23, p. 1). Plaintiff also alleges that he recently was "attacked by an[other] inmate" at Rockdale County jail." (Doc. 25, p. 1). Insofar as these allegations might entitle Plaintiff to injunctive relief, Plaintiff should raise the allegations in a separate Section 1983 suit, in which Plaintiff can both provide greater detail and name the appropriate defendants.

Second, Plaintiff has made no effort to address his burden as to each of the four factors relevant to the preliminary injunctive relief analysis: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Four Seasons*

*Hotels and Resorts, B.V., v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). Moreover, the record indicates that Plaintiff could not readily satisfy his burden as to these factors, particularly because "[a] preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

Because Plaintiff has not met his burden of demonstrating that preliminary injunctive relief is appropriate, and because the relief Plaintiff requests is not appropriately awarded in this Section 1983 action, it is recommended that Plaintiff's request for a return transfer to the Walton County jail be denied.

## THE DEFENDANTS' MOTION TO DISMISS

Also pending before the Court is a motion to dismiss filed by the Defendants. (Doc. 16). This motion raises two issues: (1) Plaintiff's failure to disclose his entire litigation history, and (2) Plaintiff's failure to allege a physical injury as to his due process claim. For the reasons discussed below, it is **RECOMMENDED** that the Defendants' motion to dismiss be **GRANTED in part and DENIED in part**.

### (1) Litigation History

The Defendants first ask for a dismissal of this action, in its entirety, based on Plaintiff's failure to disclose his litigation history. (Doc. 16-1, pp. 2–3). In response to a prompt seeking information about prior lawsuits "relating to the conditions of your imprisonment," Plaintiff indicated that "yes" he had filed such previous lawsuits, but Plaintiff only disclosed information relating to two such lawsuits. (Doc. 1, pp. 15–16). As the Defendants note, Plaintiff failed to disclose information as to at least three other lawsuits he previously had filed in this Court.

While courts may dismiss lawsuits under 28 U.S.C. § 1915 upon a finding of "bad faith litigiousness or manipulative tactics," such a dismissal is not warranted here. *Redmon v. Lake Cnty.*

*Sherriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011). Unlike *Redmon* and other cases cited by the Defendants, Plaintiff did not answer untruthfully in response to the standard-form prompt seeking information about prior lawsuits – Plaintiff did not, in other words, check "no." *Cf. Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006). Rather, Plaintiff checked "yes," but then failed to disclose his entire litigation history.

Plaintiff's error of omission is not alone sufficient to rise to the level of "bad faith litigiousness." Nor is there any indication that Plaintiff has accrued three strikes under 28 U.S.C. § 1915(g), so it cannot be said that Plaintiff's failure to disclose his litigation history was a "manipulative tactic" designed to avoid the three-strike bar. Accordingly, because Plaintiff's error of omission was not sufficiently culpable to warrant the sanction of dismissal, it is Recommended that the Court deny the Defendants' request to dismiss this action based on Plaintiff's failure to disclose his entire litigation history.

For his part, Plaintiff is **ADVISED** that his failure to disclose his <u>entire</u> litigation history in future cases filed with this Court could result in a recommendation of dismissal for abuse of judicial process. Plaintiff is **ADVISED**, in other words, that his asserted defense to the Defendants' motion — that his error was unintentional, and that he is "still learning how to represent himself" (Doc. 21, p. 1) — will no longer be accepted as to this issue.

### (2) Physical Injury

The Defendants also move for a partial dismissal on the ground that "the PLRA bars Plaintiff's due process claim(s) for lack of a 'physical injury' sufficient to exceed the threshold established by Congress in 42 U.S.C. § 1997e(e)." (Doc. 16-1, p. 4). It is **RECOMMENDED** that this motion for partial dismissal be **GRANTED in part and DENIED in part**.

The Prison Litigation Reform Act, as interpreted, provides that "an incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than de minimis) physical injury." *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) (construing 42 U.S.C. § 1997e(e)). As to Plaintiff's due process claim, which relates to procedures and conduct associated with disciplinary proceedings ensuing after the alleged taser incident involving Officer Day, Plaintiff has failed to make out sufficient allegations that he suffered any physical injury. Therefore, insofar as Plaintiff seeks compensatory and punitive damages as to his due process claim, the Defendants' motion to dismiss should be **GRANTED in part**, and Plaintiff's claim for compensatory and punitive damages should be **DISMISSED**.

The PLRA does not preclude Plaintiff from seeking nominal damages, however. *See Brooks*, 800 F.3d at 1309. Moreover, this Court must liberally construe Plaintiff's pleadings, and as a result, Plaintiff's request for "whatever [else] the court deems proper" is properly construed as a request for nominal damages. (Doc. 1, p. 8). *See Hale v. Sec'y for Dep't of Corrs.*, 345 F. App'x 489, 492 (11th Cir. 2009). Accordingly, the PLRA's physical injury requirement does not provide grounds for a dismissal of Plaintiff's due process claim in its entirety. Therefore, insofar as the Defendants ask for a dismissal of Plaintiff's due process claim for nominal damages, the Defendants motion to dismiss should be **DENIED in part.**

## CONCLUSION

After a careful review of the record, it is **RECOMMENDED** that Plaintiff's motion for preliminary injunction (Doc. 23) be **DENIED**, and that the Defendants' motion to dismiss be **GRANTED**, as to claims for compensatory or punitive damages as a result of due process violations, and otherwise **DENIED** as to all other claims. Pursuant to 28 U.S.C. § 636(b)(1), the

parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The District Judge will make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 3rd day of May, 2019.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge