IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

RECEIVED CLERK'S OFFICE
2019 MAY 16 AM 9:47
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

Christopher Wheat,
  Plaintiff,
v.                                Case No. 3:18-CV-97-CDL-CHW
OFFICER J. DAY, et al,
  DEFENDANTS.

## Plaintiff Objection And Response To Report And Recommendation

Plaintiff object to the Court Report And Recommendation where the Defendants motion to dismiss was GRANTED in part, due to the fact an incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than de minimis) physical injury (per: The Prison Litigation Reform Act).

On the grounds as of why Defendants motion to dismiss should "not" be GRANTED is because on 11/01/2018 Plaintiff filed a RESPONSE (Doc. 21) Demonstrating the physical injury he suffered (Part three (3) of Plaintiff motion).

Plaintiff suffered physical injuries to his skin (skin bleeding, and skin covered in red whelps) being deprived to care for his skin in the manner/instruction of a doctor. This denial has cause me unnecessary pain. Jail and prison officials violate the constitution when they act with deliberate indifference to inmates.

In Hudson v. McMillian, the Supreme Court ruled that an inmate does not have to show a serious, permanent, or even "significant" injury to win an excessive force lawsuit. Hudson v. McMillian, 503 U.S. 1, 8-10, 112 S.Ct. 995 (1992).

Another physical injury Plaintiff explained in his motion (Doc. 21) that he was shot with taser which punchured holes into his skin leaving parement marks, and burning the skin.

"When official maliciously and sadistically use force to cause harm", the court wrote, "contemporary standards of decency [i.e., the Eighth Amendment] always are violated. Id. at 9 (emphasis added).

While a court may consider an inmate's lack of a serious injury as a factor when deciding whether an official acted "maliciously and sadistically", the inmate should not automatically lose on that ground. Id. at 7.

In Hudson Although the inmate did not need medical attention, and a lower court had described his injuries as "minor," the Supreme Court ruled that the officials violated the inmate's constitutional rights. Id. at 5, 10. See also Griffin v. Crippen, 193 F.3d 89, 91 (2d Cir. 1999) (beating of handcuffed inmate, who suffered bruised shin and swelling over the knee, stated claim for violation of Eighth Amendment: "the fact that he suffered only minor injuries does not warrant dismissal").

Furthermore when I was shot by the taser, one of the taser prong went into my elbow and either embeded in my bone, or lodge between the bone (per nurse) and had to be forced out by plyers.

Plaintiff also explained a Liberty Interest was at hand, where he was restricted from being in general population with 30 days lockdown, 30 days loss of phones and visitation, 30 days loss of commissary. Plaintiff further explain in Doc. 21 that this was ~~crute~~ cruel and unusual punishment which resulted to me being emotional distress (anxiety, stressing and wheight loss).

As for pretrial detainees, official are forbidden to inflict any punishment they feel on them. Lester v. City of Chicago, 830 F.2d 706, 712-13 (7th Cir. 1987)

Also see, e.g., Williams v. Bramer, 180 F.3d 699, 704 (5th Cir. 1999) (use of force must show (1) an injury; (2) which resulted directly and only from the force that was clearly excessive to the need; and (3) the force used was objectively unreasonable), clarified, 186 F.3d 633 (5th Cir. 1999).

The extent of injury is therefore "but one of the factors to be consider. Even if the injuries suffered 'were not permanent or sever,' a Plaintiff may still recover if the force used was unreasonable and excessive." Williams v. Boles, 841 F.2d 181, 183 (7th Cir. 1988).

Courts recognize that mental pain can be as real and seorious as

physical pain. Calhoun v. Thomas, 360 F. Supp. 2d 1264, 1267 (M.D. Ala. 2005).

Plaintiff has once again in fact demonstrated his physical injury as well as mental pain, and therefore should be awarded compensatory damages and punitive damages. For the **reasons** set forth in this motion, Plaintiff object to the Court Report and Recommendation, and request for Plaintiff's claim for compensatory and punitive damages should be GRANTED.

Respectfully Submitted,

This 13th day of May 2019

Christopher Wheat