IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| Christopher Wheat | |
| Plaintiff | Case No. 3:18-cv-00097-CDL-CHW |
| v. | §1983 Civil Action |
| OFFICER J. Day, et al. | |
| Defendants | |

## PLAINTIFF'S OBJECTION TO DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT

COMES NOW, Christopher Wheat, Plaintiff, in the above-styled action, and, pursuant to Fed. R. Civ. Proc. Rule 56(c), files his Objection to Defendants' Joint Motion For Summary Judgment, and states the following:

In support of this pleading, Plaintiff relies on Defendants' exhibits:
1. Jail video recording;
2. Declaration of Jeff Day;
3. Declaration of Lora Stamey;
4. Declaration of Wade Harris;
5. Audio Recording of [Prisoner] Wheat's Disciplinary Interview;

6. Audio Recordings of Witness Interviews for Disciplinary Proceedings;
7. Written Witness Statements for Disciplinary Defense;
8. All of Defendants' and other Walton County Jail employees' statements, declarations and/or reports deriving from the excessive force incident and subsequent disciplinary proceedings (Ex.B, Discp.-1-53).

Invoking Fed. R. Civ. Proc. Rule 56(d)(2) to allow Plaintiff the time and due process ability to take discovery for the following documents/evidence that are essential in order for Plaintiff to fully rebutt in response Defendants' Motion For Summary Judgment and why they are needed, Plaintiff lists the following:

1. Video of cellblock incident in dispute *with* audio, in order to verify Plaintiff's and other prisoners' witness statements claims that Plaintiff *had not* "incited a riot" and that neither Plaintiff nor other prisoners were "yelling and banging" on their cell doors prior to Deputy Day's entrance into the cellblock;
2. Any and all audio recordings of any and all statements made between Plaintiff and any and all Jail employees in Tower 3 on the date and time of alleged incident in dispute, to verify Plaintiff's denial of the alleged threats he supposedly made via this intercom system;
3. A copy of the *complete* Walton County Jail's Standard Operating Procedure for Disciplinary Actions to verify Plaintiff's claims of due process and equal protection violations

during his hearing proceedings, as well as verification of the several other violations of mandates of time limits and procedures involving the due process and equal protection rights of defendants; Plaintiff denied copy while at W.C. Jail;

4. A <u>complete</u> copy of the Walton County Jail's Standard Operating Procedure for Excessive Force/Compliance/Non-Compliance Force in order to verify Defendant Day's failure to comply with mandates (nondiscretionary), as well as a <u>complete</u> copy of Walton County Jail's Standard Operating Procedure For Use of Taser, for same reason;

5. Printouts from the Walton County Jail's Kiosk system of <u>all</u> of Plaintiff's Grievances and Appeals and the Jail Administration's Responses, Plaintiff filed on the Excessive/Noncompliance Force incident, as well as the D.R. Hearing due process/equal protection claims, however moot, to verify Plaintiff's exhaustion of said Grievance procedure and Defendants' failure to follow its own procedure, defeating their defense of non-exhaustion, see: <u>Sapp v. Kimbrell</u>, 623 F.3d 813, 823 (9th Cir. 2010); and <u>Albino v. Baca</u>, 697 F.3d 1023, 1034 (9th Cir. 2010);

6. Printouts from the Walton County Jail's Kiosk system of <u>all</u> of the prisoners' Grievances filed against the investigating officer Sgt. Mouton, et al., known or unknown, for the illegal coercion and/or attempted coercion of them to change their written statements they submitted in behalf of Plaintiff for his defense of the "trumped-up"

charges, specifically, the Five (5) of the Fifteen (15) hand-picked by Sgt. Mouton, in order to rebutt Defendants' claims of noncoercion of witnesses, etc.;

7. A _complete_ copy of Plaintiff's medical record from the Walton County Jail's medical care contractor, CORRECT-HEALTH, to verify Plaintiff's rebuttals and request for a medical profile for Eczema care _prior_ to the incident, as well as the fact that one prong from the Taser buried in-to Plaintiff's bone, etc.;

8. A copy of any and all _prior_ "disruptive" incidents investi-gative reports and/or cellblock/jail logbooks involving Plaintiff and/or Jeff Day or any other officer or inmate prior to above-disputed incident; in order to verify Plain-tiff's rebuttals or disprove Defendants' claims of such;

9. A copy of any and all Grievances filed by other prisoners prior to or at same time as Plaintiff's incident, against Jeff Day for similar excessive/noncompliance force acts or any other type of physical abuse, with other prisoners' names and private information "blacked-out", to verify Plaintiff's claims and rebutt Defendants' claims that Defendant Day did or did not act reasonably or object-ively, and does or does not have anger management is-sues or constitutional and racial issues or biases, shown by his past actions and behaviors;

10. A copy of any and all Disciplinary Reports and Proceed-ings brought against Defendant Day, prior to Plain-tiff's incident and pending, by the Walton County

Sheriff's Department for any and all excessive/noncompliance force or illegal Taser use violations or anger issues and involving such with other officers or jail employees; and

11. Names of alleged prisoner orderlies said to be present in cellblock housing Plaintiff prior to incident and any and all statements, written and/or recorded, made by these prisoners concerning cellblock commotion and/or water coming from Plaintiff's cell;

WHEREFORE, for the reasons set forth in Plaintiff's following Brief in Support of His Objection to Defendants' Joint Motion for Summary Judgement and paragraph-by-paragraph Rebuttals to their Statement of "Undisputed" Material Facts, Plaintiff prays this Honorable Court deny Defendants' Motion and grant Plaintiff's request for further evidence in Discovery as properly and timely invoked pursuant to Rule 56(d)(2).

Respectfully submitted this 29th day of December, 2019.

_Christopher Wheat_
Christopher Wheat - Sui juris